UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID DEXTER SMITH, #456412,

          Petitioner,

                                        CASE NO. 2:06-CV-12439
v.                                HONORABLE ARTHUR J. TARNOW

TOM BELL,

          Respondent.
                                     /

**ORDER GRANTING PETITIONER'S REQUEST TO STAY PROCEEDINGS,
STAYING CASE WITH CONDITIONS, AND
CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I.      Introduction**

Petitioner, an inmate at the Carson City Correctional Facility in Carson City, Michigan,

has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his

convictions for possession of between 225 and 649 grams of cocaine, conspiracy to possess the

same, and possession of less than 25 grams of heroin, which were imposed following a jury trial

in the Washtenaw County Circuit Court in 2003.  Petitioner was sentenced as a second habitual

offender to consecutive terms of 72 months to 45 years imprisonment on the cocaine convictions

and a concurrent term of one to six years imprisonment on the heroin conviction.

In his current habeas pleadings, Petitioner raises claims concerning the sufficiency of the

evidence, prosecutorial misconduct, and the ineffective assistance of trial and appellate counsel.

Petitioner acknowledges in his petition that his prosecutorial misconduct and ineffective

assistance of trial counsel claims may not have been fully exhausted in the state courts and

requests that the Court either excuse the exhaustion requirement or stay the proceedings to allow

him to return to the state courts and exhaust state remedies as to the unexhausted claims.  For the

reasons set forth below, the Court concludes that Petitioner's prosecutorial misconduct and

ineffective assistance of counsel claims have not been properly exhausted in the state courts.  In

lieu of dismissing the petition, the Court grants Petitioner's request to stays the proceedings with

conditions and closes the case for administrative purposes.

## II.      Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right with the

Michigan Court of Appeals, asserting two claims challenging the sufficiency of the evidence to

support his convictions.  The Michigan Court of Appeals affirmed his convictions and sentence.

*People v. Smith*, No. 249866, 2004 WL 2533710 (Mich. App. Nov. 9, 2004) (unpublished).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising

those two sufficiency of the evidence claims, as well as claims of prosecutorial misconduct and

ineffective assistance of trial and appellate counsel.  The Michigan Supreme Court denied leave

to appeal.  *People v. Smith*, 472 Mich. 918, 696 N.W.2d 721 (May 31, 2005).

Petitioner dated the instant habeas petition on May 30, 2006.  In his pleadings, he raises

the same claims presented to the Michigan Supreme Court.

## III.     Discussion

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first

exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process"); *Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal habeas law provides that a habeas petitioner is only entitled to relief if  he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.  Petitioner has not met his burden of showing exhaustion of state court remedies.  The record reveals that Petitioner did not present his prosecutorial misconduct or ineffective assistance of trial and appellate counsel claims to the Michigan Court of Appeals on direct appeal of his convictions.  His subsequent inclusion of those claims in his application for leave to appeal to the Michigan Supreme Court does not satisfy the exhaustion requirement.  *See Castille v. Peoples,* 489 U.S. 346, 349 (1989) (submission of claims to state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and important reasons").

Petitioner admits that he has not fully exhausted his state remedies and requests that this Court either excuse the exhaustion requirement or stay his current habeas proceedings so that he may return to the state courts.  Having considered the matter, the Court finds that it is

appropriate to stay this case.  A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005).  For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations.  *Id*. at 1533.  Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics.  *Id*. at 1535.

In this case, Petitioner has shown the need for a stay.  It appears that his prosecutorial misconduct and ineffective assistance of counsel claims are not exhausted and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies.  *See* 28 U.S.C. § 2244(d)(1).  The Michigan Supreme Court denied Petitioner's application for leave to appeal on May 31, 2005. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court.  *See* Rule 13(1), Supreme Court Rules.  With regard to the statute of limitations, therefore, his convictions became final on or about August 29, 2005 -- 90 days after the Michigan Supreme Court denied leave to appeal.  Petitioner signed the instant petition on May 30, 2006.  Thus, he has approximately three months remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending.  *Cf. Duncan v.*

*Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an

"application for State post-conviction or other collateral review" within the meaning of 28

U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Petitioner's prosecutorial

misconduct and ineffective assistance of counsel claims do not appear to be "plainly meritless."

Further, Petitioner may claim that he did not previously raise the claims in the state courts due to

the ineffective assistance of appellate counsel, and there is no indication of intentional delay by

Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending

Petitioner's return to the state courts to fully exhaust his habeas claims.

**IV.     Conclusion**

        For the reasons stated, the Court concludes that Petitioner has not fully exhausted his

state court remedies as the claims contained in his habeas petition. Rather than dismiss the

petition, the Court **GRANTS** Petitioner's request to stay the proceedings and **STAYS** this action

so that Petitioner can fully exhaust state court remedies as to his prosecutorial misconduct and

ineffective assistance of counsel claims. The stay is conditioned on Petitioner presenting his

unexhausted claims to the state courts within 60 days of this order if he has not already done so.

*See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on

Petitioner's return to this Court with an amended petition, using the same caption and case

number, within 60 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781

(6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)).

Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

*David Smith v. Tom Bell*
Case No. 2:06-CV-12439
Page 6 of 6

Lastly, this case is **CLOSED for Administrative Purposes** pending compliance with

these conditions.

**IT IS SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 7, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 7, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary